UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARROD HOEFLE,<br><br>        Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:12-cv-01719 - JLT<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 25) |

      Jacqueline Forslund, attorney for Plaintiff Jarrod Hoefle, seeks an award for attorney's fees and expenses pursuant to the Equal Access for Justice Act under 28 U.S.C. § 2412(d). (Doc. 25.) Defendant Carolyn Colvin, Acting Commissioner of Social Security ("Defendant"), opposes the motion. (Doc. 26.) Because the ALJ's decision was contrary to established standards set forth by the Regulations and the Ninth Circuit, Defendant's defense of the decision was not substantially justified. However, because the hours expended by Ms. Forslund in this action are excessive, the fee award must be reduced and the motion for attorney fees under the EAJA is **GRANTED IN PART**.

I.    **Relevant Procedural History**

      Plaintiff initiated the action before this Court on October 18, 2012, seeking judicial review of the decision denying his application for benefits under the Social Security Act. (Doc. 1.) The Court found the administrative law judge ("ALJ") erred in evaluating the medical evidence and assessing the

credibility of Plaintiff's subjective complaints, and remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 22.)  Following the entry of judgment, Plaintiff filed the application for fees under the Equal Access to Justice Act ("EAJA") now pending before the Court on May 29, 2014.  (Doc. 35.)  Defendant filed an opposition to the motion on June 30, 2013 (Doc. 26), to which Plaintiff filed a brief in reply on July 7, 2014 (Doc. 27).

Including the time spend on the reply brief, Plaintiff seeks an award of $9,248.59 in fees and $19.80 in costs, for a total award of $9268.39.  (*See* Doc. 25 at 1; Doc 27 at 7.)

## II.     Legal Standards for EAJA Fees

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action.  28 U.S.C. § 2412(d)(2)(H).

The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA).  As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended").  The court has an independent duty to review the evidence to determine the reasonableness of the hours requested in each case. *Hensley*, 461 U.S. at 433, 436-47.

Where documentation of the expended time is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433, 436-47.  Further, "hours that were not 'reasonably expended" should be excluded from an award, including "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.  A determination of the number of hours reasonably expended is within the

Court's discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

### III. Discussion and Analysis

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Consequently, Plaintiff was the prevailing party because the Court ordered a remand of the matter for further proceedings pursuant 42 U.S.C. § 405(g). (Doc. 22.) Defendant does not dispute that Plaintiff is a prevailing party, but argues the position of the Commissioner was substantially justified and the fees requested are excessive. (Doc. 26.)

#### A. Defendant's position was not substantially justified.

The burden of proof that the position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In addition, "[a] substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Establishing that a position was substantially justified is a two-step process. 28 U.S.C. § 2412(d)(2)(D). First, Defendant must demonstrate "the action or failure to act by the agency" was substantially justified. *Id.* Second, Defendant must establish the position taken in the civil action was substantially justified. *Id.* The inquiry into whether or not the government had a substantial justification must be found on both inquiries. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998). Thus, both the ALJ's decision and the Commissioner's arguments to this Court in defense of the administrative decision must have been substantially justified. To find that a position was substantially justified when based on violations of the Constitution, federal statute, or the agency's own regulations, is an abuse of discretion. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

Plaintiff's case was remanded for the ALJ's failure to evaluate the medical evidence and assess the credibility of Plaintiff's subjective complaints in a proper manner. (Doc. 22 at 15-24.) Specifically, the Court determined the "ALJ failed to identify any treatment notes in which Dr. Retherford indicated Plaintiff's ability to concentrate was improved with medication," and as a result "the ALJ failed to

properly reject Dr. Retherford's opinion that Plaintiff had limited concentration and persistence, and could require supervision." (*Id.* at 17.) In addition, the Court found the ALJ failed to identify specific and legitimate reasons for discounting the assessment of Dr. Browne, an examining physician. (*Id.* at 17-19.) Further, "the ALJ failed to set forth findings 'sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds.'" (*Id.* at 25-26, quoting *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004)).

Defendant argues that "the government's position was substantially justified because the ALJ had a reasonable basis in law and fact for the unfavorable decision, as did the Commissioner for defending it." (Doc. 26 at 3.) Defendant notes that in *Hardisty v. Astrue*, 592 F.3d 1072 (9th Cir. 2010), the Ninth Circuit determined the defendant's position was substantially justified, and declined to award EAJA fees despite the ALJ's faulty analysis:

> In *Hardisty*, while the Court determined that the ALJ's credibility finding had not met a clear and convincing standard, such procedural and fundamental errors did not justify EAJA fees, even though substantial evidence did not support the ALJ's decision, because the government had a reasonable basis in law and fact for defending the ALJ's credibility factors. *Hardisty*, 592 F.3d at 1080.

(*Id.*) In addition, Defendant notes that in *Hardisty*, "the ALJ improperly relied on false or incorrect evidence as a basis for the credibility finding." (*Id.*) However, the Court determined that "because 'the government pointed to the three pieces of evidence noted to support the ALJ's adverse credibility finding,' the government's action was substantially justified." (*Id.*, quoting *Hardisty*, 592 F.3d at 1080.) Defendant argues that "[t]he same analysis applies to this case and the Court's judgment does not provide a basis for awarding EAJA fees," because "the Court did not find the ALJ failed to provide reasons for rejecting the treating physicians' opinions and Plaintiff's credibility, but that the reasons were insufficient or improper." (*Id.* at 3-4.)

Importantly, however, because the analysis by the ALJ was contrary to the standards set forth by the Regulations, the position was not substantially justified. *Sampson*, 103 F.3d at 921. Further, the ALJ failed to comply with established Ninth Circuit precedent governing the evaluation of the medical record and Plaintiff's credibility. For example, although the ALJ was permitted to give less weight to the opinion of Dr. Retherford for incongruities with his treatment notes, the ALJ failed to carry the burden to "explain[] why the opinion 'did not mesh with [Retherford's] objective data or history.'"

4

(Doc. 22 at 17) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)). Because the ALJ failed "to identify any treatment notes in which Dr. Retherford indicated Plaintiff's ability to concentrate was improved with medication," and only discussed notes related to Plaintiff's mood and temper, "the ALJ failed to properly reject Dr. Retherford's opinion that Plaintiff had limited concentration and persistence, and could require supervision." (Doc. 22 at 18.) Similarly, the ALJ erred in rejecting Dr. Browne's opinion without identifying "which portions of Dr. Browne's opinion are not consistent with other medical evidence," and in failing "to identify any treatment notes that conflict with Dr. Browne's opinion that Plaintiff lacked the ability to concentrate or focus, or to sustain the stress of a workday or workweek." (*Id.* at 20-21.) Finally, the ALJ failed to articulate findings "sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds." (Doc. 22 at 25-26, quoting *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004)). Given the numerous inadequacies of the ALJ's opinion, defense of the position was not reasonable, and Defendant's position was not substantially justified. *Sampson*, 103 F.3d at 921.

### B.     Plaintiff's fee request must be modified.

Defendant argues that if the Court finds the Commissioner's was not substantially justified, the fee award should be reduced "because Plaintiff's request for $8,182.58 for 43.7 hours of work performed in what amounts to a routine Social Security case is unreasonable." (Doc. 26 at 8.) According to Defendant, the 39.9 hours expended by Ms. Forslund to draft the opening brief were excessive because "[t]he transcript was 332 pages, with 50 pages constituting the hearing testimony, approximately 142 pages of case development by the Agency, and about 130 pages of medical evidence." (*Id.* at 9.) Further, Defendant asserts Plaintiff seeks time that is not compensable by the EAJA, including "purely clerical tasks." (*Id.* at 10, citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)). Finally, Defendant observes that some of Ms. Forslund's time entries are in block format, and do not identify specific tasks. (*Id.*)

#### 1.     Clerical tasks

Defendant reports that Plaintiff seeks attorney fees for "1.1 hours, or $202.75, for purely clerical tasks such as filing documents and preparing documents for service." (Doc. 26 at 10.) "[P]urely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who

performs them." *Missouri*, 491 U.S. at 288 n.10. "When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." *Id.* (internal citations omitted). For example, the time spent to e-file documents is routinely found to be clerical work that is non-compensable under the EAJA. *Jones v. Metropolitan Life Ins. Co.*, 845 F. Supp. 2d 1016, 1027 (N.D. Cal. 2012) (disallowing as clerical work time billed for filing or retrieving electronic documents); *United States v. One 2008 Toyota Rav 4 Sports Utility Vehicle*, 2012 WL 5272281, at *12 (C.D. Cal. Oct. 18, 2012) (not awarding fees for time spent e-filing documents with the court).

Specifically, Defendant objects to the following entries as clerical:

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 10/18/12 | Prepare and file opening documents | 0.5 |
| 11/05/12 | Prepare documents and correspondence for service | 0.5 |
| 12/12/12 | Prepare and efile Affidavit of Service and attachments | 0.1 |

The preparation of documents such as the complaint, civil cover sheet, and motion to proceed in forma pauperis that were filed on October 18, 2012 is not clerical in nature. However, it is not clear what documents had to be prepared for service. The Affidavit of Service of Summons dated December 12, 2012, indicates the documents served included only the Summons and Complaint, which were prepared previously. (*See* Doc. 10 at 1.) Accordingly, the time expended on November 5, 2012 is not compensable, as it is a duplication. In addition, the time spent on October 18, 2012 should be reduced by 0.1, to account for time spent in filing the documents. Therefore, Plaintiff's fee award is reduced by 0.6 hours for the tasks identified above.

### 2. Time spent in briefing

Defendant argues that the issues raised in this case were not novel, and "maintains that close to forty hours, the equivalent of five days to brief this matter is an excessive and unreasonable request." (Doc. 26 at 9.) In addition, Defendant notes that Ms. Forslund "is an expert in the field of Social Security litigation," and "some efficiency and economy of effort is warranted from such expertise." (*Id.*) Therefore, according to Defendant, "[i]t should not have required more than 21 hours for this matter to have been successfully briefed." (*Id.*) As a result, Defendant seeks a reduction of 18.2 hours from Plaintiff's award for fees for work expended between March 18, 2013, to July 17, 2013.

In *Moreno v. City of Sacramento*, the Ninth Circuit held that where district courts award

attorneys' fees for a significantly lower number of hours than the prevailing party requests, the Court must provide an adequate explanation. 534 F.3d 1106, 1112-13 (9th Cir. 2008). The Ninth Circuit noted that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" as "[t]he payoff is too uncertain." *Id.* at 1112.  For that reason, courts are generally to defer to the "winning lawyer's professional judgment as to how much time he was required to spend on a case." *Id.*  In *Costa v. Comm'r of Soc. Sec. Admin.*, the district court reduced by half the number of hours requested by the prevailing party for preparation of the opening brief on the grounds that the issues in the case were not novel or complex and the brief was not very long. 690 F.3d 1132, 1134 (9th Cir. 2012). The Ninth Circuit found this was not a sufficiently specific basis under *Moreno* to reduce the requested fees given the magnitude of the reduction. *Id.* at 1136-37.

Here, while the ultimate issues may be considered "simple," Plaintiff raised eight issues in the opening brief: the rejections of the opinions of Drs. Retherford, Browne, Lampe, and Brar; the ALJ's evaluation of Plaintiff's subjective complaints; the rejection of lay witness testimony; the ALJ's failure to support the residual functional capacity assessment; and the ALJ's failure to consider Plaintiff's illiteracy at step five.  (*See generally* Doc. 16.) Ms. Forslund reports she took 25.5 hours to research, draft, and revise the arguments presented in the opening brief. (Doc. 25-1 at 1-2.) Given the number of issues presented and the length of the brief (27 pages), the time expended has not been shown to be unreasonable.

On the other hand, the 8.8 hours spent in preparation of the reply brief appears excessive.  The reply brief is five pages and is, primarily, a summary of the points made by Plaintiff in the opening brief.  In fact, less than twenty percent of the reply brief specifically addresses arguments raised by Defendant in the opposition. Accordingly, the time spent on the reply brief is reduced by half, from 8.8 to 4.4 hours.

### 3. Review of the documents

Plaintiff seeks an award of fees for 1.5 hours spent by Christopher Dellert on May 3, 2013 to "[e]dit and revise" the opening brief, and making "[f]inal revisions and proofreading" on May 6, 2013. (Doc. 25-1 at 2.)  It appears that while Ms. Forslund performed a majority of the research and brief writing, Mr. Dellert reviewed and revised the work prior to the filing of the opening brief.  Counsel fees

should not include excessive, redundant, or otherwise unnecessary time such as that attributable to the supervision or correction of a junior attorney. *Hensley*, 461 U.S. at 434. Consequently, this Court has determined that time reviewing documents is compensable where the reviewing attorney is counsel of record to comply with Rule 11 obligations, but time awarded in review should be minimal where the drafting attorney has extensive experience in Social Security litigation. *See, e.g., VonBerckefeldt v. Astrue,* 2011 U.S. Dist. LEXIS 76356, at *21-22 (E.D. Cal. July 14, 2011). Here, however, Mr. Dellert was not counsel of record, and was not responsible for filing the brief. Moreover, Ms. Forslund indicates that she spent time reviewing the arguments she drafted and proofreading on March 24, 2013. (Doc. 25-1 at 2.) Accordingly, the review by Mr. Dellert appears redundant and unnecessary, and the time related thereto should not be awarded under the EAJA. *See Hensley*, 461 U.S. at 434

### 4.   Time in conjunction with the EAJA fee application

Ms. Forslund seeks 3.4 hours for work related to preparing her time sheet and motion for EAJA fees, as well as 5.7 hours for preparing a reply brief. (Doc. 35-1 at 2; Doc. 27 at 6.) This Court has awarded 1.5 hours for these tasks where counsel, such as Ms. Forslund is experienced with the practice of Social Security. *See, e.g., Lopez v. Astrue*, 2012 U.S. Dist. LEXIS 78680 at *14 (E.D. Cal. June 6, 2012) (observing awarding 1.5 hours for the work related to the EAJA motion was appropriate for experienced counsel). Therefore, the Court reduces the compensable time to 1.5 hours for tasks related to the EAJA motion, and 1.5 hours for the reply brief.

### 5.   Award of expenses

Ms. Forslund seeks an award of $19.80 for expenses. (Doc. 25 at 1.) Generally, counsel's expenses may be reimbursed pursuant to the EAJA. *See* 28 U.S.C. § 2412(d)(1)(B). However, the only expenses identified by Ms. Forslund are for "mailing expenses" related to the service of the summons and complaint. (*See* Doc. 25-1 at 2; Doc. 10-1.) Plaintiff was authorized to proceed in forma pauperis in this action, and the United States Marshal was directed to serve a copy of the complaint, summons, and a copy of the order authorizing Plaintiff's in forma pauperis status. (Doc. 4 at 4.) Consequently, the claimed expenses for service of documents may not be awarded under the EAJA. *See DeArmon v. Colvin,* 2013 U.S. Dist. LEXIS 137858 at *5 (E.D. Cal. Sept. 25, 2013) (explaining that where the plaintiff is proceeding *in forma pauperis* and the U.S. Marshal has been directed to serve the defendant,

the plaintiff may not recover expenses related to service).

## IV.     Conclusion and Order

As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA because the ALJ's decision and the Commissioner's position in defending it to this Court were not substantially justified. *See* 28 U.S.C. § 2412(d)(2)(H). However, as discussed above, the total time expended by Ms. Forslund on the action was not reasonable, given the routine and duplicative nature of some tasks. With the reduction set forth above, Ms. Forslund is entitled to fees for **36.2** hours of work, which includes 0.5 hours in 2012, 32.7 hours in 2013, and 3 hours in 2014. Thus, Ms. Forslund is entitled to an award of fees totaling **$6,777.06**.[1]

Pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), this amount is payable to the plaintiff and not the attorney who worked on the matter.

Accordingly, **IT IS HEREBY ORDERED**:

1. The request for costs in the amount of $19.80 is **DENIED**;
2. Plaintiff's request for attorney's fees is **GRANTED** in the modified amount of $6,777.06; and
3. This amount SHALL be paid to Plaintiff Jarrod Hoefle.

IT IS SO ORDERED.

Dated:   **October 14, 2014**               **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] This amount represents the statutory maximum rate with adjustments for the increases in costs of living for hours completed in 2012 ($184.32), 2013 ($187.02), and 2014 ($189.78). *See "Statutory Maximum Rates Under the Equal Access to Justice Act,"* available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited October 10, 2014).